5

Hagop T. Bedoyan, SBN 131285
M. Joseph Whittington, SBN 295516
KLEIN, DENATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
5260 N. Palm Ave., Suite 201
Fresno, CA 93704
Telephone:  559-438-4374
Facsimile:  559-432-1847
Email:  hbedoyan@kleinlaw.com
  jwhittington@kleinlaw.com

Proposed Attorneys for Debtor-in-Possession, Central Air Conditioning Inc.

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>CENTRAL AIR CONDITIONING, INC.<br><br>           Debtor-in-Possession. | Case No. 14-11991-A-11<br><br>Chapter 11<br><br>DC No. KDG-2<br><br>Date:  April 30, 2014<br>Time:  1:30 P.M.<br>Place:  United States Bankruptcy Court<br>         2500 Tulare Street, Fifth Floor<br>         Department A, Courtroom 12<br>         Fresno, California<br>Judge:  Honorable Fredrick E. Clement |

### DEBTOR-IN-POSSESSION'S MOTION TO FIX, ALLOW, AND PAY CLAIMS UNDER 11 U.S.C. § 503(b)(9)

Central Air Conditioning, Inc., the Debtor in possession in the above entitled case ("Debtor"), respectfully represents as follows:

### I. Introduction

1. Debtor commenced this Chapter 11 case by filing its Voluntary Petition under Chapter 11 of the Code on April 17, 2014. There is no Chapter 11 trustee and Debtor is also a Debtor-in-Possession.

2. In this *Motion to Fix, Allow, and Pay Claims under 11 U.S.C. § 503(b)(9)* (the "Motion"), Debtor sets forth the creditors who delivered goods to Debtor in the 20

Case 14-11991    Filed 04/24/14    Doc 13

days before Debtor filed bankruptcy and the amounts the creditors are owed for the goods they delivered during that time period (collectively, the "503(b)(9) Claims"). The Debtor requests that the Court fix, allow, and authorize payment of the 503(b)(9) Claims. These claims will be paid at a pro rata payment basis at the rate of $3,500 per week from the proceeds generated by the Debtor's business.

## II.   JURISDICTION AND VENUE

3.  The Debtor filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code on April 17, 2014. The Debtor operates its business pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B). These matters have been referred to the Court by United States District Court for the Eastern District of California according to General Orders 182 and 223.

5.  Venue is properly in this judicial district pursuant to 28 U.S.C. § 1409(a).

## III.   LEGAL BASIS FOR MOTION

6.  In accordance with 11 U.S.C. § 503(b)(9), Rule 9014 of the Federal Rules of Bankruptcy Procedure ("FRBP") and Local Rule 9014-1, Debtor seeks an order of the Court fixing, allowing, and authorizing payment of certain priority claims held by creditors who have delivered goods to the debtor within 20 days prior to the commencement of the Debtor's bankruptcy case.

## IV.   CREDITORS PROVIDING GOODS TO DEBTOR IN THE 20 DAYS IMMEDIATELY PRE-PETITION

7.  In the 20 days immediately preceding Debtor's filing of its Voluntary Petition (March 28, 2014, to April 17, 2014) the following creditors delivered goods to Debtor with values as follows:

/ / /

/ / /

/ / /

| Creditor | § 503(b)(9) Claim total |
|---|---|
| Direct Distributing Inc. | $1.94 |
| Empire Supply Co. Inc. | $11,093.09 |
| Ferguson Enterprises, Inc. | $3,807.57 |
| Jack Griggs, Inc. | $150.40 |
| Heating & Cooling Supply Inc. | $17,880.78 |
| Morris Levin & Son | $488.49 |
| Praxair | $191.52 |
| Refrigeration Supplies Distributor | $28.59 |
| S&P Sheet Metal, LLC | $2,715.49 |
| US Air Conditioning Distributors | $2,695.05 |
| Fastenal Company | $29.38 |
| Cal State Distributing | $24,721.77 |
| High Sierra Lumber Co. | $677.10 |
| Baker Distributing Co. | $1,053.01 |
| Goodman Distribution | $104,371.80 |
| Russell Sigler, Inc. | $2,049.13 |
| Bacsco | $1,764.50 |
| Allegion | $2,000.00 |
| **Total** | **$175,719.61** |

See Declaration of Carlos De Ochoa.

8. As set forth more fully in the Declaration of Carlos De Ochoa, the amounts reflected above are:

    a. for goods;

    b. delivered to the Debtor in the 20 days immediately preceding the petition date; and

    c. sold to the Debtor in the ordinary course of Debtor's business.

9. A true and correct copy of Debtor's Set to Pay Report and invoice of goods received in the 20 days immediately preceding the petition date is attached in the Exhibits to the Declaration of Carlos De Ochoa as Exhibit "A".

///

## V. THE COURT SHOULD FIX, ALLOW, AND AUTHORIZE PAYMENT FOR THE CLAIMS PURSUANT TO 11 U.S.C. § 503(b)(9)

10.  Claims for the value of goods delivered to the Debtor in the 20 days before the petition date are entitled to payment as administrative expenses. 11 U.S.C. § 503(b)(9). These claims may be secured or unsecured. *In re Brown & Cole Stores, LLC*, 375 B.R. 873, 875 (9th Cir.BAP (Wash.) 2007). However, the allowance of claims under § 503(b)(9) can only occur after notice and a hearing. 11 U.S.C. § 503(b). The Debtor believes that, given the numerous 503(b)(9) Claims against its estate, and the relatively small amount of most of them, it would be a waste of judicial resources to request that individual creditors file separate motions for the allowance of their 503(b)(9) Claims.

11.  The Debtor requests the 503(b)(9) Claims, in the amounts reflected above, be allowed as administrative claims. Debtor seeks to pay these claims in a pro-rata payment immediately at the rate of $3,500 per week from the proceeds generated by Debtor's business.

12.  The Debtor believes that the claims listed above represent all of the 503(b)(9) Claims against its estate. In the notice of this Motion, the Debtor advised all parties who are not listed in this Motion, but who assert a 503(b)(9) Claim, to file a limited opposition making that assertion. Accordingly, the Debtor requests that any creditor who received notice of the Motion, was not listed as holding a 503(b)(9) Claim, but did not object to this treatment, be held to have waived its entitlement to payment as a 503(b)(9) Claim.

13.  It is imperative that Debtor's business remain viable and that it preserve its trade relationship with the creditors asserting 503(b)(9) Claims. For that purpose, Debtor seeks to pay the claims in a pro-rata payment immediately at the rate of $3,500 per week from the proceeds generated by Debtor's business.

## VI. PRAYER

For the reasons set forth above, Debtor respectfully requests that the Court enter an order:

/ / /

1. Setting forth the creditors holding 503(b)(9) Claims against the Debtor, and the amounts of those claims.

2. Allowing and fixing the claims of those creditors asserting 503(b)(9) claims as set forth in Paragraph 7 above.

3. Authorizing payment to the creditors holding allowed 503(b)(9) claims to be paid on a pro-rata share basis at the rate of $3,500 a week

4. For such other relief as is just and proper.

Date: April 24, 2014

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP

By: _____
HAGOP T. BEDOYAN,
M. JOSEPH WHITTINGTON,
Proposed Attorneys for Debtor-in-Possession