ROBERT B. LUECK (SBN 83673)
CHRISTOPHER E. BRUMFIEL (SBN 214866)
ROSEANNE C. LAZZAROTTO (SBN 251001)
TRAVIS A. BROOKS (SBN 283641)
BOORNAZIAN, JENSEN & GARTHE
A Professional Corporation
555 12th Street, Suite 1800
Oakland, CA 94604-2925
Telephone: (510) 834-4350
Facsimile: (510) 839-1897

Attorneys for Defendants
WORKMAN BROS. DEVELOPMENT CO., (Defendants in Bangi, et al. v. Workman Bros. Development Co., et al., Kern County Superior Court Case No. S-1500-CV-276352 and Sanchez, et al. v. Workman Bros. Development Co. et al. Tulare County Superior Court case No. 250798); FRESNO ASPEN DEVELOPMENT and CAPSTONE DEVELOPMENT, LP (defendants in Sanchez, et al. v. Workman Bros. Development Co. et al. Tulare County Superior Court case No. 250798); SPRADLING CONSTRUCION, INC. (defendants in Franco, et al., v. Spradling Construction, Inc., et al., Kings County Superior Court Case No. 11C0133); SMEE BUILDERS and NICHOLSON and SMEE LLC (defendants in Crespo et. al., v. Smee Builders, Inc., et al., Tulare County Superior Court Case No. 11-240799 and Asher, et al., v. Smee Builders, Inc., et al., Tulare County Superior Court Case No. 246356); and PALMA HOMES, INC. (defendants in Puentes, et al., v. Palma Homes, Inc., et al., Kern County Superior Court Case No. S-1500-CV-274778 SPC and Coy v. Palma Homes, Inc., et al., Kern County Superior Court Case No. S-1500-CV-277059 SPC)

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>Central Air Conditioning, Inc.<br><br>Debtor-in-Possession. | Case No.: 14-11991<br>DC No. BJG-2<br><br>Chapter 11<br><br>**MOTION FOR APPROVAL OF STIPULATION FOR RELIEF FROM AUTOMATIC STAY**<br><br>**Date: June 4, 2014**<br>**Time: 1:30 pm**<br>**Dept: A** |

) Judge: Hon. Frederick E. Clement

WORKMAN BROS. DEVELOPMENT CO.; FRESNO ASPEN DEVELOPMENT; CAPSTONE DEVELOPMENT, LP.; SPRADLING CONSTRUCION, INC.; SMEE BUILDERS; NICHOLSON and SMEE LLC; and PALMA HOMES, INC., (collectively, "Developers") hereby file this Motion for Approval of Stipulation for Relief from Automatic Stay ("Motion") and respectfully state as follows.

**Relief Requested**

1. Through this Motion, Developers request that the Court enter an Order approving the Stipulation for Relief from Automatic Stay (the "Stipulation") entered into between Developers and Debtor-in-Possession CENTRAL AIR CONDITIONING, INC. ("Debtor"). A true and correct copy of the Stipulation is filed and served concurrently herewith as **Exhibit A** to this Motion. A copy of the proposed Order approving the Stipulation is filed and served concurrently herewith.

**Summary of the Stipulation**

2. Debtor and Developers, through their respective counsel, have entered into a Stipulation whereby Debtor agrees to relief from the automatic stay being granted in favor of Developers to allow Developers to proceed with the State court actions *Bangi, et al. v. Workman Bros. Development Co., et al.*, Kern County Superior Court Case No. S-1500-CV-276352, *Sanchez, et al. v. Workman Bros. Development Co. et al.*, Tulare County Superior Court case No. 250798; *Franco, et al., v. Spradling Construction, Inc., et al.*, Kings County Superior Court Case No. 11C0133; *Crespo et. al., v. Smee Builders, Inc., et al.*, Tulare County Superior Court Case No. 11-240799; *Asher, et al., v. Smee Builders, Inc., et al.*, Tulare County Superior Court Case No. 246356; *Puentes, et al., v. Palma Homes, Inc., et al.*, Kern County Superior Court Case No. S-1500-CV-274778 SPC; and *Coy v. Palma Homes, Inc., et al.*, Kern County Superior Court Case No. S-1500-CV-277059 SPC, (hereinafter, collectively, "the Actions") against the Debtor as to the Debtor's applicable insurance proceeds only. A copy of the Stipulation is filed and served concurrently herewith as **Exhibit A** to this Motion.

3. The Provisions of said Stipulation are as follows:

This stipulation is made and entered into by Central Air Conditioning, Inc. (the "Debtor"); WORKMAN BROS. DEVELOPMENT CO.; FRESNO ASPEN DEVELOPMENT; CAPSTONE DEVELOPMENT, LP.; SPRADLING CONSTRUCION, INC.; SMEE BUILDERS; NICHOLSON and SMEE LLC; and PALMA HOMES, INC. (hereinafter, collectively, "Developers"), and through their respective counsel, and is made with reference to the following facts:

1. Developers seek relief from the automatic stay to proceed against certain insurance proceeds only in connection with the state court actions identified as in *Bangi, et al. v. Workman Bros. Development Co., et al.*, Kern County Superior Court Case No. S-1500-CV-276352, *Sanchez, et al. v. Workman Bros. Development Co. et al.*, Tulare County Superior Court case No. 250798; *Franco, et al., v. Spradling Construction, Inc., et al.,* Kings County Superior Court Case No. 11C0133; *Crespo et. al., v. Smee Builders, Inc., et al.,* Tulare County Superior Court Case No. 11-240799; *Asher, et al., v. Smee Builders, Inc., et al.,* Tulare County Superior Court Case No. 246356; *Puentes, et al., v. Palma Homes, Inc., et al.,* Kern County Superior Court Case No. S-1500-CV-274778 SPC; and *Coy v. Palma Homes, Inc., et al.,* Kern County Superior Court Case No. S-1500-CV-277059 SPC wherein the work of the Debtor is alleged to be implicated.

2. Developers believe that insurance is available to the Debtor through the following policies:

a. Zurich North America Policy No. SCP 36728856 (effective 8/14/02-8/14/03)

b. Arch Specialty Insurance Company Policy No. 72RGP1419400 (effective 8/14/03-8/14/04)

c. First Specialty Policy Nos. IRG 62075 and FGL 4000074710 (effective 8/14/04-8/14/07)

d. QBE Specialty Policy No. RXM0000078 (effective 8/14/08-8/14/10)

3. With respect to the Actions, the Debtor is willing to stipulate to relief from the

automatic stay to proceed against applicable insurance proceeds only, with certain conditions as provided below to protect the estate from administrative expense given the uncertainty surrounding the provisions of the policies themselves.

THEREFORE, the parties do hereby stipulate and agree as follows:

A. The Debtor agrees to relief from the automatic stay being granted in favor of Developers to allow Developers to proceed with their Actions against applicable insurance proceeds only.

B. Developers waive any direct claim, pre-petition, post-petition, administrative, or other claim, as against the estate beyond available insurance proceeds.

C. If any dispute arises regarding the interpretation or enforcement of this Stipulation, any such dispute will be decided by the United States Bankruptcy Court.

**Basis for Relief**

4. Pursuant to Federal Rules of Bankruptcy Procedure, Rule 4001(d), the Court may enter an order approving an agreement for relief from the automatic stay without a hearing if no objection is timely filed, or after a hearing if a timely objection is filed. *See* Fed. R. Bankr. P. 4001(d)(3).

5. Section 362 (d)(1) of the Bankruptcy Code provides that a court "shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay … for cause." 11 U.S.C. § 362(d)(1). The Bankruptcy Code does not define "cause," thus, Courts must determine whether cause exists on a case-by-case basis. *In re MacDonald*, 755 F.2d 715, 717 (9th Cir. 1985). The automatic stay is intended to preserve the assets of the debtor and provide an equitable procedure for all creditors. *In re Holtkamp*, 669 F.2d 505, 508 (7th Cir. 1982). When a pending action does not interfere with the bankruptcy proceeding, the automatic stay in no way fosters Bankruptcy Code policy. *See In re Holtkamp* at 508.

6. Here, cause exists for granting the agreed-upon relief from the automatic stay. First, granting this relief will not prejudice Debtor or its estate because Developers agree not to pursue their claims against either Debtor or its estate in excess of Debtor's available insurance.

Second, Developers will suffer considerable hardship if the stay is not lifted because they will not be able to continue the prosecution of their Cross-Complaint against Debtor, even though Debtor's alleged defective work is implicated in Plaintiffs' claims in the Action and Debtor has available insurance that would cover these claims. Therefore, relief from the automatic stay should be granted.

7. WHEREFORE, Developers respectfully request that the Court enter an order (a) approving the Stipulation and (b) lifting the automatic stay to allow Developers to pursue the Action to the extent of Debtor's available insurance proceeds only in accordance with the terms of the Stipulation. A copy of the proposed Order approving the Stipulation is filed and served concurrently herewith.

DATED: May 20, 2014

By:____________________

Christopher E. Brumfiel, Esq.
Roseanne C. Lazzarotto, Esq.
Travis A. Brooks, Esq.
BOORNAZIAN, JENSEN & GARTHE
Attorneys for Defendants WORKMAN BROS. DEVELOPMENT CO., (Defendants in Bangi, et al. v. Workman Bros. Development Co., et al., Kern County Superior Court Case No. S-1500-CV-276352 and Sanchez, et al. v. Workman Bros. Development Co. et al. Tulare County Superior Court case No. 250798); FRESNO ASPEN DEVELOPMENT and CAPSTONE DEVELOPMENT, LP (defendants in Sanchez, et al. v. Workman Bros. Development Co. et al. Tulare County Superior Court case No. 250798); SPRADLING CONSTRUCION, INC. (defendants in Franco, et al., v. Spradling Construction, Inc., et al., Kings County Superior Court Case No. 11C0133); SMEE BUILDERS and NICHOLSON and SMEE LLC (defendants in Crespo et. al., v. Smee Builders, Inc., et al., Tulare County Superior Court Case No. 11-240799 and Asher, et al., v. Smee Builders, Inc., et al., Tulare County Superior Court Case No. 246356); and PALMA HOMES, INC. (defendants in Puentes, et al., v. Palma Homes, Inc., et al., Kern County Superior Court Case No. S-1500-CV-274778 SPC and Coy v. Palma Homes, Inc., et al., Kern County Superior Court Case No. S-1500-CV-277059 SPC)

27075\652777